UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MITCHEL J. KILLINGER,

        Plaintiff,

      v.                                      Case No. 21-cv-0434-bhl

BROWN COUNTY JAIL,

        Defendant.

---

## SCREENING ORDER

---

Mitchel J. Killinger, who is currently incarcerated at the Brown County Detention Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Killinger's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Killinger has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Killinger has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $30.67. Killinger's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

Additionally, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim . . . may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Further, joinder of multiple defendants into one case is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

## THE COURT'S ANALYSIS

Killinger's complaint fails to state a claim because he names the Brown County Jail as the only Defendant, and the jail cannot be sued. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law, but a jail is not a "person." The Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but a jail is not a legal entity separate from the county government it serves. *See Miranda v. Milwaukee County Jail Facility*, No. 19-C-582, 2019 WL 2359396, at *2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)). Because Killinger does not sue a proper defendant, his complaint fails to state a claim.

In addition, even if Killinger had sued the proper defendants, the complaint likely violates Fed. R. Civ. Pro. 18 because it appears to advance unrelated claims against different sets of individuals. Killinger alleges that (1) his telephone privileges were improperly suspended; (2) he was improperly prevented from contacting his wife and mother; (3) his religious diet was not accommodated; (4) he was prevented from accessing the court; and (5) his access to canteen was limited because he chose to appear in court in person rather than via Zoom. While not entirely clear, it does not appear that the same individuals were involved in all of the alleged violations.

Under Rule 18, a plaintiff cannot pursue unrelated claims against different sets of defendants in a single case. This does not mean that Killinger cannot pursue all of the claims he asserts in his complaint; it means only that he must pursue unrelated claims against different sets of defendants in separate cases. He will be required to pay a filing fee for each case he files.

The Court will allow Killinger to file an amended complaint that names proper defendants and asserts related claims against the same set of defendants. As he decides how he would like to proceed, the Court reminds him that, under §1983, only those individuals who were personally responsible for a constitutional violation will be held liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Because there is no vicarious liability under §1983, supervisors are not liable for the alleged misconduct of their subordinates, employers are not liable for the alleged misconduct of their employees, and employees are not liable for the alleged misconduct of their co-workers. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor is personally involved by directing or consenting to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what he or she might see. *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992.

If Killinger files an amended complaint, he must identify in the caption and in his allegations only those individuals who were personally involved in violating his constitutional rights. If Killinger does not know the name of an individual, he may use a John or Jane Doe placeholder. If, after screening his amended complaint, the Court allows him to proceed with a claim against a Doe defendant, he will have the opportunity to use discovery to learn the Doe's name.

The Court will provide Killinger with an amended complaint form, which he must use. If he chooses to file an amended complaint, he must do so by **May 24, 2021**. If he does not want to proceed with this case, he does not have to take any further action. If he does not file an amended

4

complaint by the deadline (or explain to the Court why he is unable to do so), the Court will dismiss this case and assess a strike under 28 U.S.C. §1915(g) based on his failure to state a claim in the original complaint.

**IT IS THEREFORE ORDERED** that Killinger's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that on or before **May 24, 2021**, Killinger shall file an amended complaint curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the clerk mail Killinger a prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Killinger shall collect from his institution trust account the $319.33 balance of the filing fee by collecting monthly payments from Killinger's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Killinger is transferred to another institution, the transferring institution shall forward a copy of this Order along with Killinger's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Killinger is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Killinger is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 22nd day of April, 2021.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge