UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MITCHEL J. KILLINGER,

        Plaintiff,

        v.                                       Case No. 21-cv-0434-bhl

BROWN COUNTY MUNICIPAL CORPORATION,
LT. BRISBANE,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Mitchel Killinger, who is currently incarcerated at the Brown County Detention Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On April 22, 2021, the Court dismissed Killinger's complaint and gave him the opportunity to file an amended complaint, which he did on May 6, 2021. Dkt. No. 8. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement

of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Killinger asserts that, while he was a pretrial detainee at the Brown County Jail, Defendant Lieutenant Brisbane issued orders that Killinger believes violated his constitutional rights. First, on August 18, 2020, Brisbane allegedly "indefinitely suspended [Killinger's] phone privileges" after a local district attorney informed Brisbane that Killinger had contacted a victim through a third party. Killinger asserts that he was not given a due process hearing prior to the suspension of his phone privileges. Dkt. No. 8 at 2.

Second, also on August 18, 2020, Brisbane allegedly ordered Killinger to have no contact with his wife and mother. According to Killinger, Brisbane's order violated his substantive due

2

process rights because Brisbane improperly based his decision on inapplicable bond conditions and a dismissed case. Finally, Brisbane allegedly denied Killinger's request for a vegan religious diet because Killinger failed a Buddhist test given to him by the jail chaplain. Killinger asserts that as a result of the denial he lost seventy pounds. Dkt. No. 8 at 2-3.

Killinger asserts that he notified the Brown County Board of Supervisors of Brisbane's orders, but they allowed the orders to continue. Dkt. No. 8 at 2.

**ANALYSIS**

Killinger fails to state a claim based on allegations that he was denied a due process hearing before his phone privileges were suspended. To prevail on a procedural due process claim, a plaintiff must show that he was deprived of a constitutionally protected interest in life, liberty, or property without due process of law. But not every action that carries a negative consequence translates into a protectible liberty interest. *Moody v. Daggett*, 429 U.S. 78, 86-88 (1976). Because imprisonment necessarily involves the "withdrawal or limitation of many privileges and rights," prisons have the discretion to impose discipline "in response to a wide range of misconduct" without infringing upon a prisoner's liberty or property interests." *Sandin v. Connor*, 515 U.S. 472, 485 (1995).

"The Constitution does not recognize an inmate's liberty interest in telephone privileges," particularly when an inmate has other avenues of maintaining contact, such as mail or visitations. *Ford v. Mueller*, No. 17-cv-484, 2017 WL 2687809, at *4 (S.D. Ill. June 22, 2017); *see West v. Kussmaul*, No. 06-C-68, 2006 WL 1518989, at *4 (E.D. Wis May 31, 2006) (concluding that "loss of phone privileges implicates no liberty interest"). Killinger fails to state a claim because the deprivation of phone privileges does not impose an "atypical and significant hardship…in relation

3

to the ordinary incidents of prison life" and therefore does not implicate a liberty interest. *Sandin*, 515 U.S. at 484.

Killinger does adequately allege a potential First Amendment claim, however, based on allegations that Brisbane ordered that he have no contact with this mother and wife even after Killinger informed him that the bases for his orders did not apply. "[T]he Constitution protects 'certain kinds of highly personal relationships." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citations omitted). And, while "freedom of association is among the rights least compatible with incarceration," the right to intimate association is not "altogether terminated by incarceration" nor is it "irrelevant to claims made by prisoners." *Id.* The Court will not allow Killinger to also proceed on a substantive due process claim based on these allegations. The Seventh Circuit has instructed that constitutional claims must be addressed under the most applicable provision because a claim "gains nothing by attracting additional constitutional labels." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

Killinger also states a claim based on his assertion that Brisbane unjustifiably placed a substantial burden on his religious practices when he denied his request for a vegan diet consistent with his religious beliefs. "A substantial burden 'puts substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016) (quoting *Thomas v. Review Bd.*, 450 U.S. 707, 717-18 (1981)). And "[a] burden is unjustified if it is not reasonably related to a legitimate penological interest." *Id.* (citations omitted). The Seventh Circuit has "repeatedly held that forcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Id.* (collecting cases).

Finally, Killinger may not sue Brown County based on allegations that the Board of Supervisors failed to intervene after he notified the Board of Brisbane's orders. Killinger asserts

4

that the Board "had the authority to correct [the orders]," but as the Court has already noted, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. The Seventh Circuit has explained that "[p]ublic officials do not have a free-floating obligation to put things to rights . . . [b]ureaucracies divide tasks [and] no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Simply put, not every "public employee who knows (or should know) about a wrong must do something to fix it." *Id.* at 596. Because the Board is not responsible for the orders about which Killinger complains, they cannot be held liable under §1983.

**IT IS THEREFORE ORDERED** that Brown County Municipal Corporation is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon Lt. Brisbane pursuant to Federal Rule of Civil Procedure 4. Killinger is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Brisbane shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 13th day of May, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge